**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

|  |  |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., | Case Number: 22-cv-06947-HSG |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | (Assigned to the Honorable Haywood S. Gilliam, Jr.) |
| AVAILINK, INC. | Scheduling Conference: |
| Defendant. | April 25, 2023, 2:00 P.M. |

The parties jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's Order dated January 17, 2023.

**1.  Jurisdiction & Service:**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff HDMI Licensing Administrator, Inc. ("HDMI LA" or "Plaintiff") alleges that the Court has federal subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121, because this is a trademark action that arises under the laws of the United States. Plaintiff further alleges that the Court has supplemental jurisdiction over its breach of contract claim pursuant to 28 U.S.C. § 1367(a).  At this point in the proceedings, Defendant Availink, Inc. ("Availink" or "Defendant") is not challenging subject matter jurisdiction.  No issues exist regarding personal jurisdiction or venue nor are there any parties that remain to be served. Pursuant to section 9.6 of the Adopter Agreement at issue (Ex. B to the Complaint) ("Adopter Agreement"),

the parties consented to jurisdiction of, and venue in, the state and federal courts in Santa Clara County, California.  Further, Availink waived service pursuant to Fed. R. Civ. P. 4.

**2.  Facts:**
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff's Statement:**  HDMI LA alleges it is the agent for the High-Definition Multimedia Interface specification (the "HDMI Specification"), which is a next-generation, industry-leading and de-facto digital interface specification for connecting consumer electronics products capable of sending or receiving an HD signal, as well as the owner of several trademark registrations containing the HDMI designation for a range of goods and services (the "HDMI Trademarks"). HDMI LA alleges that the HDMI Specification has been licensed to over 1,700 of the largest electronics and PC manufacturers, such as Apple, Inc., and Samsung Electronics, Inc., etc., which have manufactured over 5 billion products using the HDMI Specification that have passed HDMI LA's required certification testing process ("HDMI Adopter(s)").

HDMI LA licenses the HDMI Trademarks and the use of the HDMI Specification to HDMI Adopters, and the terms and conditions governing such licenses are set forth in its Adopter Agreement. On or about June/July 2015, HDMI LA and Defendant, through Plaintiff's alleged predecessor entity HDMI Licensing, LLC, signed the Adopter Agreement.

Plaintiff alleges that Availink has breached the Adopter Agreement, and infringed the HDMI Trademarks, including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling unlicensed, noncompliant, and/or infringing HDMI components and/or products and/or using the HDMI Trademarks on or in connection therewith.

**Defendant's Statement:** Availink denies these allegations, and in particular Availink contends that it never used any HDMI Trademarks on its integrated circuit chips, and ceased all

references to HDMI Trademarks on its website and marketing materials after ceasing to be covered by the Adopter Agreement.

Availink alleges it is a silicon chip (integrated circuit) maker domiciled in the Cayman Islands, with design facilities in Taiwan and offices in China. Availink contends that its chips are compatible with end-user devices, such as set-top boxes for cable television, that use HDMI technology. Formerly a signatory to the Adopter Agreement, Availink was terminated after it ceased to pay license fees and submit quarterly royalty reports. Under the Adopter Agreement, although an adopter is required to report the total amount of royalties due for each calendar quarter, only end-user products are royalty-bearing. Availink contends it is not obligated to pay royalties or provide royalty reports based on sales of end-user products made by third parties which may use Availink-manufactured chips. Availink further contends that the parties' course of conduct prior to the instant dispute was consistent with Availink's position, and Plaintiff never sought such reports or royalty payments. In June 2021, after Availink contacted Plaintiff to discuss renewing its license, Plaintiff, for the first time, insisted that Availink provide an expansive quarterly sales report, including a detailed breakdown of sales by customer, so that it could use this information to seek royalties from Availink's customers. Availink objected to this new requirement by citing (i) the parties' prior contrary practice; (ii) the unreasonably burdensome nature of the demand, which would require Availink to attempt to track this information through its wholesalers; (iii) its concerns over non-disclosure obligations to its customers, and (iv) Plaintiff's apparent selective enforcement of this demand among the adopters. After negotiating these issues for more than a year, Plaintiff filed the instant action, without disclosing the actual basis for the parties' dispute.

3.  **Legal Issues:**
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff's Statement:** This case involves claims for alleged breach of contract, direct and contributory trademark infringement of Plaintiff's HDMI Trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)), arising from Availink's alleged breach of the Adopter Agreement and alleged infringement of Plaintiff's HDMI Trademarks.

**Defendant's Statement:** Availink's Motion to Dismiss Counts II through IV of the Complaint ("Motion to Dismiss") contends those counts do not assert claims upon which relief can be granted under the Lanham Act because they set forth no facts to support allegations that (1) Availink used any HDMI trademarks after it ceased to be a licensee; (2) Availink, a non-U.S. entity, used any HDMI trademark in "commerce" within the reach of the Lanham Act or this Court, and (3), as to the contributory infringement claim (Count III), (a) direct infringement by any third party in violation of the Lanham Act, and (b) Availink's (i) intentional inducement of another to infringe HDMI LA's trademarks, or (ii) continuing to supply its product to one whom it knew or had reason to know was engaging in trademark infringement. *Free Kick Master LLC v. Apple Inc.,* 140 F. Supp. 3d 975, 980 (N.D. Cal. 2015) (internal quotation omitted).

As to the breach of contract claim, (1) the statute of limitations has expired as to the claim regarding all but the most recent alleged royalty report arrearages (Cal. Code Civ. Proc. § 337), and (2) the subject Adopter Agreement is unenforceable as violative of public policy, in particular federal and state antitrust and unfair competition laws.

4.  **Motions:**
*All prior and pending motions, their current status, and any anticipated motions.*

Availink's Motion to Dismiss is pending.  Should the Court decide to have argument, it is noticed for July 20, 2023. Availink anticipates filing a motion for summary judgment on Count I.

**5.  <u>Amendment of Pleadings:</u>**
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Consistent with Fed. R. Civ. P. 12(a)(4)(A), Availink has deferred filing an answer to Count I of the Complaint until after its Motion to Dismiss is decided.  Availink anticipates that its answer may be accompanied by counterclaims under antitrust and/or unfair competition laws.

No amendments of the pleadings, including to add parties, claims or defenses, are anticipated at this time. The parties may amend their pleadings following some discovery and propose a deadline for amendments (without leave of Court) up to, and including, August 31, 2023.

**6.  <u>Evidence Preservation:</u>**
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed and understand the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f). The parties understand their preservation obligations.

**7.  <u>Disclosures:</u>**
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have jointly agreed to extend the deadline to exchange initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure until April 21, 2023.

**8.  <u>Discovery:</u>**
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has taken place, and at this juncture, there are no discovery disputes. At this time, the parties do not believe any limitations or modifications of the Federal Rules or the Local Rules relating to discovery are necessary. The parties have met and conferred on a proposed discovery plan and the timing of discovery as set forth in Paragraph 16 below. Some depositions may need to take place abroad, unless alternate arrangements can be agreed upon. The parties are

conferring regarding whether or not a joint motion for e-discovery order based on this Court's Model Stipulated Order Re: Discovery of Electronically Stored Information is appropriate.

The proposed discovery schedule is based on the claims presently in the case. The addition of Availink's antitrust and/or unfair competition law counterclaims would substantially increase the discovery, both fact and expert, that would be required. When the pleadings are closed, if such claims remain, the parties would propose a revised schedule more appropriate to the claims remaining. In addition, some adjustment of written discovery request limitations may be requested if the trademark claims, which are the subject of the pending Motion to Dismiss remain.

**Plaintiff's Statement:** Plaintiff views this as a relatively straightforward dispute, which is largely centered around the royalties due and payable to HDMI LA, as well as Defendant's use/misuse of the HDMI Trademarks. Plaintiff does not anticipate taking more than five depositions.

**Defendant's Statement:** If the Lanham Act claims are not dismissed, Availink expects to take discovery on (i) how Availink is alleged to have used which HDMI trademarks in commerce reached by the Lanham Act since ceasing to be covered under the Adopter Agreement; (ii) whether any such use is nominative fair use; (iii) whether there is any likelihood of, or actual, consumer confusion; (iv) any surveys HDMI LA has conducted in support of a claim of consumer confusion ; (v) HDMI's alleged damages; (viii) (vi) third parties' use of the HDMI trademarks to refer to the compatibility of their goods without being a signatory to the Adopter Agreement; (vii) HDMI's pattern, practice, and history of enforcing its alleged rights in HDMI trademarks and any challenges to those rights; (viii) whether the HDMI trademarks are generic or otherwise fail to function as trademarks, and (ix) how others are licensed to use the HDMI marks. Availink's discovery concerning the breach of contract claim will include, among other things, documents, information, and deposition testimony pertinent to discriminatory enforcement of Adopter

Agreements, including (i) how HDMI LA has enforced its royalty report requirement since 2015 with respect to Adopters which are chip manufacturers similarly situated to Availink; and (ii) all royalty and/or sales reports HDMI LA has collected from other Adopters since 2015 showing royalties for non-end user products charged and/or collected and customer sales and other proprietary information sought and provided to HDMI LA.  Discovery will also be sought in connection with any counterclaims Availink may file in this action.

**9.  Class Actions:**
*If a class action, a proposal for how and when the class will be certified.*

      Not applicable

**10.  Related Cases:**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

      There are no related cases.

**11.  Relief:**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

      <u>**Plaintiff's Statement:**</u> In its Complaint, Plaintiff seeks an injunction, and an award of Defendant's profits, HDMI LA's actual damages, the costs of the action, enhanced discretionary damages, and Plaintiff's reasonable attorney's fees.

      <u>**Defendant's Statement:**</u>  Availink's Motion to Dismiss seeks dismissal of Counts II through IV.  Defendant's Answer to the Complaint will seek entry of judgment in its favor. Availink's counterclaims, if filed, will seek relief as yet unspecified but that likely would include a declaratory judgment, injunctive relief, damages including treble damages, and attorneys' fees and costs.

**12.  Settlement and ADR:**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

      The parties have been engaged in settlement negotiations that have recently come to a standstill. The parties have complied with ADR Local Rule 3-5 and have stipulated to private

mediation (ADR L.R. 8-2) within 90 days from the date of the order referring the case to ADR.

**13.  Other References:**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation*

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.  Narrowing of Issues:**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Availink's Motion to Dismiss has the potential to substantially narrow the issues.  The parties do not otherwise believe that there are issues that can be narrowed by agreement or by motion nor do they have suggestions to expedite the presentation of evidence at trial or request that any issues, claims or defenses be bifurcated.  The parties will endeavor to expedite the presentation of evidence at trial, to the extent possible, through summaries, stipulated facts, etc.

**15.  Expedited Trial Procedure:**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

**16.  Scheduling:**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose that the initial ADR session (private mediation) take place within 90 days from the date of the order referring the case to ADR.  The parties propose the following dates for fact and expert discovery, pleading amendments, hearings on dispositive motions, pretrial conferences and trial:

| | |
|---|---|
| Last Day to Amend Pleadings (without leave of Court) | August 31, 2023 |

| Fact Discovery Cut-off | October 23, 2023 |
|---|---|
| Expert Discovery Cut-off | December 22, 2023 |
| Dispositive Motion Cut-off | January 22, 2024 |
| Pretrial Conference | TBD following the Court's ruling on dispositive motions |
| Trial | TBD following the Pretrial Conference |

This schedule is based on the claims presently in the case.  The addition of counterclaims sounding in antitrust and/or unfair competition law would substantially increase the fact and expert discovery that would be required.  After the pleadings are closed, if such claims remain, the parties would propose a revised schedule more appropriate to those claims remaining in the case.

**17.  Trial:**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case is to be tried to a jury, and the parties anticipate that trial will last one (1) to three (3) weeks, depending on the claims that remain to be tried.

**18.  Disclosure of Non-party Interested Entities or Persons:**
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, and recently filed an amended version thereof.  Plaintiff has certified that, other than the named parties, the following parties may have an interest in the outcome of this proceeding: Maxell, Ltd., Panasonic Holdings Corporation, Koninklijke Philips N.V., Lattice Semiconductor Corporation (parent of Silicon Image, Inc.), Sony Group Corporation, Technicolor S.A. n/k/a Vantiva S.A. and Toshiba Corporation (collectively referred to as the "Founders"), all of which together created the High-Definition Multimedia Interface specification, which is the subject of the Adopter Agreement that Defendant is alleged to have breached.

Defendant has also filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.  Defendant certifies that, other than (i) the named parties and (ii) the entities identified as "Founders" in paragraph 8 of the Complaint (Hitachi Maxell, Ltd.; Panasonic Corporation; Koninklijke Philips Electronics N.V.; Silicon Image, Inc. and its parent corporation Lattice Semiconductor Corporation; Sony Corporation; Technicolor S.A. n/k/a Vantiva S.A., and Toshiba Corporation), and as identified in Plaintiff's Amended Certification, there are no other persons, firms, partnerships, corporations or other entities that have a financial interest, or any other interest, that could be substantially affected by the outcome of the proceeding.

### 19.  **Professional Conduct:**
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California, and understand the same.

### 20.  **Other:**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are conferring on the issue of whether a protective order is necessary.


Pursuant to Local Rule 5-1 of the Northern District of California, I attest that I have the concurrence in the filing of the document from all of the other signatories.


Dated: April 18, 2023                    **EPSTEIN DRANGEL LLP**

By:/s/ Kerry B. Brownlee
Kerry B. Brownlee
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, New York 10165
Telephone: 212-292-5390
*Attorney for Plaintiff*
*HDMI Licensing Administrator, Inc.*
*Pro Hac Vice*

By:/s/ Peter J. Farnese
Peter J. Farnese (SBN 251204)

pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: 310-356-4668
*Attorney for Plaintiff*
*HDMI Licensing Administrator, Inc.*

Dated: April 18, 2023                         **POTOMAC LAW GROUP, PLLC**

By:  /s/ John R. Snyder
John R. Snyder
jsnyder@potomaclaw.com
Janet F. Satterthwaite
jsatterthwaite@potomaclaw.com
1300 Pennsylvania Avenue, Suite 700
Washington, DC 20004
Snyder telephone: 617-285-1790
Satterthwaite telephone: 202-486-1578
*Attorneys for Defendant Availink Inc.*
*Pro Hac Vice*

**LONDON & STOUT P.C.**

By:/s/ Ellen London
Ellen London
elondon@stoutfirm.com
1999 Harrison Street, Suite 655, Suite 655
Oakland, CA 94612
Telephone: 415-862-8487
*Attorney for Defendant Availink, Inc.*

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

HON. HAYWOOD S. GILLIAM, JR.

UNITED STATES DISTRICT JUDGE