**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
11601 Wilshire Blvd., Suite 500
Los Angeles, California 90025
Telephone: 310-356-4668
Facsimile: 310-388-1232

Kerry B. Brownlee
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391
*Pro Hac Vice*

*Attorneys for Plaintiff*
*HDMI Licensing Administrator, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVAILINK INC. <br><br> Defendant. | CASE NO.: 4:22-cv-06947-HSG <br><br> **DECLARATION OF KERRY B. BROWNLEE IN SUPPORT OF MOTION TO RESCHEDULE CASE MANAGEMENT CONFERENCE AND HEARING ON MOTION TO DISMISS PURSUANT TO LOCAL RULE 6-3** <br><br> Complaint Filed: November 7, 2022 |

I, Kerry B. Brownlee, declare as follows:

1. I am an attorney with the law firm Epstein Drangel LLP, counsel for Plaintiff HDMI Administrator, Inc. ("Plaintiff" or "HDMI LA") in the above-referenced action, and I make the statements set forth herein based on my personal knowledge.

2. On November 7, 2022, Plaintiff filed its Complaint (*Dkt. No. 1*).

3. Defendant executed a Waiver of Service of Summons sent by Plaintiff's counsel on January 12, 2023, thereby making its deadline to file an answer or motion pursuant to Fed. R. Civ. P. 12 ninety (90) days therefrom (i.e., up to and including April 12, 2023).

4. The Initial Case Management Conference ("CMC") was originally set for February 14, 2023 (*Dkt. No. 11*), and the parties sought the first adjournment thereof, given that Defendant had not yet retained local counsel, and the parties were in discussions regarding whether or not the dispute could be resolved among them (*Dkt. No. 13*), which was granted by the Court, and adjourned the CMC to April 25, 2023 (*Dkt. No. 15*).

5. On April 12, 2023, Defendant filed a partial motion to dismiss the Complaint (specifically, Counts II-IV) (*Dkt No. 30*) (the "MTD").

6. On April 25, 2023, the Court held a telephonic hearing wherein it continued the CMC until the hearing date on Defendant's MTD (July 20, 2023) (*Dkt. No. 39*).

7. On May 12, 2023, the parties filed a second stipulated request to adjourn the CMC and hearing on Defendant's MTD until July 27, 2023 (*Dkt. No. 43*) in order to permit the parties time to complete their in-person mediation, scheduled for July 12, 2023, and such stipulation was granted by the Court.

8. On July 12, 2023, the parties participated in an in-person mediation in San Jose, California before John Bates, Esq. (the "Mediator"), after which Plaintiff agreed to discuss the terms of Defendant's settlement proposal internally, and with potentially affected parties, at an upcoming meeting on August 8, 2023.

9. In order to permit the parties additional time to explore if settlement was possible before the CMC, and for the August 8, 2023 meeting to occur, the parties filed a third joint stipulated request to extend the CMC and hearing on Defendant's MTD to October 12, 2023.

10. On August 22, 2023, the parties had a follow-up call among counsel and the Mediator to further discuss the prospect of settlement and during which Plaintiff set forth a counter offer.

11. On August 23, 2023, Defendant rejected Plaintiff's counter offer, and it became clear that the parties are at an impasse regarding settlement.

12. On September 1, 2023, right before the Labor Day holiday, Defendant filed an Answer and Counterclaims against Plaintiff (*Dkt. No. 49*) (the "Counterclaims").

13. On September 13, 2023, the parties filed a stipulated request to extend Plaintiff's deadline to respond to Defendant's Counterclaims until October 23, 2023 (*Dkt. 50*), which was granted by the Court (*Dkt. No. 51*).

14. After seeking the extension request, and after conferring further with its counsel, and additional co-counsel specializing in antitrust matters, Plaintiff decided that it is going to move to dismiss the Counterclaims, and informed Defendant's counsel as such via email on September 18, 2023.

15. In my email of September 18, 2023, I informed Defendant's counsel, Vincent Filardo, Jr., of Plaintiff's plan to file a motion to dismiss (the "Anticipated Motion to Dismiss"), and asked if Defendant would consent to an adjournment of the CMC and hearing on Defendant's MTD until after Plaintiff's Anticipated Motion to Dismiss is fully briefed on November 13, 2023, and advised Defendant's counsel of the next available law and motion date on the Court's calendar (December 14, 2023).

16. On September 19, 2023, I received a response from Defendant's counsel wherein he advised, in relevant part, as follows: "[a]t this juncture the hearing on the MTD and CMC will be delayed for nearly 3 months. HDMI's putative motion to dismiss Availink's Counterclaims is not a reasonable basis to further delay the proceedings and the requested delay is not supported by federal practice and procedure. Availink disagrees that it is necessary or would be efficient to further postpone

1  the MTD hearing and CMC in light of that yet to be filed motion. Availink will not consent to any further adjournments."

2  17. On September 19, 2023, I responded to Defendant's counsel's email and indicated, in relevant part as follows: "in Count II of Availink's Counterclaims, it includes a claim for cancellation of U.S. Trademark registrations 3,268,924 and 3,442,135. The MTD seeks dismissal of HDMI LA's direct and contributory trademark claims. Under 15 U.S.C. § 1119, a party only may seek cancellation '[i]n any action involving a registered mark'. Therefore, to the extent that Availink's MTD is successful, that could have the potential to impact Availink's standing to bring Count II. *See San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 2020 U.S. Dist. LEXIS 179341 (S.[D]. Cal. September 29, 2020). Given this, and for the sake of efficiency, among other things, HDMI LA believes that it is most practicable for the Court to consider all of the issues together at one hearing. While Availink has indicated it 'disagrees that it is necessary or would be efficient to further postpone the MTD hearing and CMC in light of that yet to be filed motion', it has not provided any factual basis in support of the proposition that holding a hearing on October 12, 2023 on the MTD, and then a second hearing in or about December 2023 on Plaintiff's motion to dismiss would be the best use of the parties' and Court's time and resources."

18. In my September 19, 2023 email, I also indicated that HDMI LA would proceed by way of a motion to reschedule, given that Defendant does not consent to Plaintiff's request.

19. Plaintiff's request will not impact any other deadlines, other than the parties' deadline to submit their updated case management statement.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 20, 2023
        **EPSTEIN DRANGEL LLP**
        By:   s/ Kerry B. Brownlee
              Kerry B. Brownlee

        *Attorney for Plaintiff*
        *HDMI Licensing Administrator, Inc.*

-3-

## CERTIFICATE OF SERVICE

I hereby certify the on September 20, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: September 20, 2023         By:     s/ Kerry B. Brownlee
                                          Kerry B. Brownlee
                                          Epstein Drangel LLP

                                          *Attorney for Plaintiff*
                                          *HDMI Licensing Administrator, Inc.*

-4-
BROWNLEE DECLARATION IN SUPPORT OF MOTION TO RESCHEDULE CASE MANAGEMENT CONFERENCE AND HEARING ON MOTION TO DISMISS
[N.D. CAL. L.R. 6-3]