UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> AVAILINK INC. <br><br> *Defendant and Counterclaim Plaintiff*. | CASE NO.: 4:22-cv-06947-HSG <br><br> **STIPULATED REQUEST PURSUANT TO CIVIL LOCAL RULE 6-2 TO CHANGE TIME AND AMEND THE SCHEDULING ORDER AND ORDER** <br><br> Complaint Filed: November 7, 2022 <br> Counterclaims Filed: September 1, 2023 |

Pursuant to Civil Local Rule 6-2, Plaintiff and Counterclaim Defendant HDMI Licensing Administrator, Inc. ("Plaintiff" or "HDMI LA"), through its counsel of record, and Defendant and Counterclaim Plaintiff Availink Inc. ("Defendant" or "Availink") (collectively, the "Parties"), stipulate as follows:

WHEREAS, Plaintiff's Complaint was filed on November 7, 2022;

WHEREAS, on September 1, 2023, Defendant filed an Answer to the Complaint, which included Counterclaims (*Dkt. No. 49*);

WHEREAS, on October 20, 2023, the Court entered its first scheduling order in this matter, which set forth a discovery end date of August 26, 2024 (*Dkt No. 67*);

WHEREAS, in lieu of filing an answer, on October 23, 2023, Plaintiff filed a Motion to Dismiss Defendant's Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) (*Dkt. No. 72*) (the "Pending MTD");

WHEREAS, on December 6, 2023, Defendant filed an Opposition to the Pending MTD (*Dkt. No. 79*);

WHEREAS, on January 5, 2024, Plaintiff filed its Reply in support of the Pending MTD (*Dkt. No. 81*);

WHEREAS, the Pending MTD, which was initially set to be heard on January 18, 2024 at 2:00

STIPULATED REQUEST TO CHANGE TIME & AMEND THE SCHEDULING ORDER

1   PM, was taken off calendar on January 16, 2024, and on submission (*Dkt. No. 83*);

2          WHEREAS, a written decision on Plaintiff's Pending MTD has not yet been issued by the
3   Court;

4          WHEREAS, the Parties each served discovery demands on November 6, 2023, and exchanged
5   initial responses thereto on December 6, 2023;

6          WHEREAS, Plaintiff limited its discovery demands to subjects pertaining to its breach of
7   contract claim, and did not seek any discovery relating to Defendant's Counterclaims in light of the
8   Pending MTD, and the undue burden of discovery relating to the Counterclaims that it believes are not
9   viable;

10         WHEREAS, Defendant's discovery demands sought information and documents relating to
11  Plaintiff's breach of contract claim and the Counterclaims, and Plaintiff objected to any requests
12  seeking information and documents pertaining to Defendant's Counterclaims as premature in light of
13  the Pending MTD, and the substantial burden and expense of discovery relating to the same;

14         WHEREAS, on December 20, 2023, Defendant sent a discovery deficiency letter to Plaintiff,
15  which, among other things, took issue with Plaintiff's decision to not provide Counterclaim-related
16  discovery without filing a motion to stay (the "Deficiency Letter");

17         WHEREAS, on January 4, 2024, Plaintiff, through its counsel, sent an email to Defendant's
18  counsel wherein it responded briefly to the points raised in the Deficiency Letter, and raised certain
19  issues with Defendant's discovery responses (the "1/4 Email");

20         WHEREAS, in the 1/4 Email, Plaintiff indicated that to the extent necessary, it can, and would,
21  move for a protective order;

22         WHEREAS, on January 4, 2024, the Parties, through their respective counsel, conferred on
23  each party's discovery issues (the "1/4 Meet & Confer");

24         WHEREAS, during the 1/4 Meet & Confer, Plaintiff reiterated its position that it would not
25  produce documents pertaining to Defendant's antitrust Counterclaims due to the Pending MTD, and
26  the substantial burden of discovery on the Counterclaims, which Plaintiff believes are not viable, and
27  Defendant stated its position that a stay was necessary to avoid production of Counterclaim-related
28  discovery and that it would file a motion to compel if such relief was not sought by Plaintiff;

1  WHEREAS, during the 1/4 Meet & Confer, in order to avoid burdening the Court with
2  potentially unnecessary motion practice relating to any motion for a protective order or motion to
3  compel associated with discovery on Defendant's Counterclaims, the Parties agreed that they would
4  seek an extension of the discovery schedule from the Court, which they planned to raise at the
5  scheduled January 18, 2024 hearing for the Pending MTD;

6  WHEREAS, since, as noted above, the hearing on the Pending MTD was vacated, the Parties
7  did not have an opportunity to speak with the Court about extending discovery;

8  WHEREAS, on February 7, 2024, Plaintiff supplemented its production;

9  WHEREAS, on February 16, 2024, the Parties, through their respective counsel had a follow-
10 up phone call wherein the Parties discussed, among other things, Defendant's outstanding document
11 production, a potential solution to avoid motion practice relating to any partial motion to stay
12 discovery relating to Defendant's Counterclaims, and Defendant's concern that the discovery period
13 continued to run while Plaintiff refused to respond to Counterclaim-related discovery requests and that
14 the Parties did not have an opportunity to address a discovery extension with the Court;

15 WHEREAS, in order to conserve the time and resources of the Parties, as well as the Court,
16 Defendant has agreed to not seek discovery relating to Defendant's Counterclaims until April 15, 2024
17 or until the Court has ruled on the Pending MTD, whichever date comes first, and in exchange,
18 Plaintiff has agreed to Defendant's proposed extension of the schedule for this case;

19 WHEREAS, Plaintiff and Defendant reserve their respective rights to file any motion for a
20 protective order or motion to compel after April 15, 2024 or after the Court has ruled on the Pending
21 MTD;

22 WHEREAS, the Parties propose the following revised dates for the end of fact and expert
23 discovery, amendment of the pleadings, hearings on dispositive motions, the pretrial conference, and
24 trial:

| Event | Current Deadline/Date | Proposed Deadline/Date |
|---|---|---|
| Amendment of Pleadings/Joinder | June 7, 2024 | October 7, 2024 |
| Fact Discovery Cut-off | August 26, 2024 | December 26, 2024 |
| Exchange of Opening Expert Reports | September 3, 2024 | January 3, 2025 |

| | | |
|---|---|---|
| Exchange of Rebuttal Expert Reports | September 24, 2024 | January 24, 2025 |
| Close of Expert Discovery | October 10, 2024 | February 10, 2025 |
| Dispositive Motion Hearing Deadline | December 5, 2024, at 2:00 p.m. | April 7, 2025, at 2 p.m. |
| Pretrial Conference | March 4, 2025, at 3:00 p.m. | July 8, 2025, at 3 p.m. |
| Jury Trial (three weeks) | March 17, 2025, at 8:30 a.m. | July 21, 2025, at 8:30 a.m. |

WHEREAS, this is the Parties' first request for an extension of the discovery period;

WHEREAS, the proposed extension will alter the deadlines for expert discovery, the dispositive motion hearing date, and the pretrial conference, as noted above; and

WHEREAS, the Court's decision on the Pending MTD may ultimately impact the amount of time necessary to complete discovery.

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED by and between the Parties, that the above-referenced revised schedule should be entered by the Court.

Dated: March 6, 2024          **EPSTEIN DRANGEL LLP**
                              By:     /s/ Kerry Brownlee
                                      Kerry Brownlee
                                      *Attorney for Plaintiff*


Dated: March 6, 2024          **KING & WOOD MALLESONS**
                              By:     /s/ Vincent Filardo, Jr.
                                      Vincent Filardo, Jr.**
                                      *Attorney for Defendant*

                                      ** Pursuant to Civ. L.R. 5-1(i)(3), the
                                         filer of the document has obtained
                                         approval from this signatory.

# **AMENDED SCHEDULING ORDER**

Having read and considered the Stipulated Request Pursuant to Civil Local Rule 6-2 to Change Time and Amend the Scheduling Order, it is approved, and the following is adopted as the revised schedule for this case

| Event | Deadline/Date |
|---|---|
| Amendment of Pleadings/Joinder | October 7, 2024 |
| Fact Discovery Cut-off | December 26, 2024 |
| Exchange of Opening Expert Reports | January 3, 2025 |
| Exchange of Rebuttal Expert Reports | January 24, 2025 |
| Close of Expert Discovery | February 10, 2025 |
| Dispositive Motion Hearing Deadline | April 7, 2025 at 2 p.m. |
| Pretrial Conference | July 8, 2025 at 3 p.m. |
| Jury Trial (three weeks) | July 21, 2025 at 8:30 a.m. |

**IT IS SO ORDERED.**

Date:   3/6/20204

DENIED
Haywood S. Gilliam Jr.
Judge Haywood S. Gilliam Jr.

Honorable Haywood S. Gilliam, Jr.
United States District Judge

---

-4-
STIPULATED REQUEST TO CHANGE TIME & AMEND THE SCHEDULING ORDER