**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 356-4668
Facsimile: (310) 388-1232

Kerry B. Brownlee (*Pro Hac Vice*)
kbrownlee@ipcounselors.com
Jason M. Drangel (*Pro Hac Vice*)
 jdrangel@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*HDMI Licensing Administrator, Inc.*

**CONSTANTINE CANNON LLP**
Seth D. Greenstein (*Pro Hac Vice*)
sgreenstein@constantinecannon.com
Patrick M. Kennedy (*Pro Hac Vice*)
pkennedy@constantinecannon.com
1001 Pennsylvania Ave., NW, 1300 N
Washington, D.C. 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501

Ankur Kapoor (*Pro Hac Vice*)
akapoor@constantinecannon.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Attorneys for Plaintiff*
*HDMI Licensing Administrator, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> vs. <br><br> AVAILINK INC. <br><br> *Defendant and Counterclaim Plaintiff.* | Case Number: 22-cv-06947-EKL <br><br> **HDMI LICENSING ADMINISTRATOR, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE SURVEY OF DR. MICHAEL BARONE AND REPORT AND TESTIMONY RELATING THERETO** <br><br> Hearing Date: October 15, 2025 <br> Time: 10:00 a.m. <br> Place: Courtroom 7, Fourth Floor |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 15, 2025, at 10:00 a.m. in Courtroom 7, Fourth Floor of the United States District Court for the Northern District of California, San Jose Division, before the Honorable Eumi K. Lee, Plaintiff and Counterclaim Defendant HDMI Licensing Administrator, Inc. ("HDMI LA") will, and hereby does, move for an order precluding: 1) Defendant and Counterclaim Plaintiff Availink Inc. ("Availink") from introducing the survey conducted by its expert, Dr. Michael Barone, and the report relating thereto, in connection with any summary judgment motion or at trial, and 2) Dr. Barone from testifying at trial or presenting any evidence on the issue of the alleged genericness of HDMI LA's trademarks and/or the survey he conducted relating thereto.

HDMI LA makes the instant motion (the "Motion") on the basis that Dr. Barone's survey, report, and testimony sought to be excluded do not satisfy the requirements of Fed. R. Evid. 702.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Kerry B. Brownlee and the Exhibits attached thereto, the [Proposed] Order submitted herewith, the pleadings, papers, and records on file in this case, and such arguments and evidence as the Court may permit at any hearing on this Motion.

Dated:  August 15, 2025

By: */s/ Kerry B. Brownlee*

**CONSTANTINE CANNON LLP**
Seth D. Greenstein (*Pro Hac Vice*)
sgreenstein@constantinecannon.com
Patrick M. Kennedy (*Pro Hac Vice*)
pkennedy@constantinecannon.com
1001 Pennsylvania Ave., NW, 1300 N
Washington, D.C. 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501

Ankur Kapoor (*Pro Hac Vice*)
akapoor@constantinecannon.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 350-2700
Facsimile: (212) 350-2701
*Attorneys for Plaintiff*
*HDMI Licensing Administrator, Inc.*

**EPSTEIN DRANGEL LLP**
Kerry B. Brownlee (*Pro Hac Vice*)
kbrownlee@ipcounselors.com
Jason M. Drangel (*Pro Hac Vice*)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 356-4668
Facsimile: (310) 388-1232
*Attorneys for Plaintiff*
*HDMI Licensing Administrator, Inc.*

# TABLE OF CONTENTS

NOTICE OF MOTION ...................................................................................................................I

I.      INTRODUCTION ..........................................................................................................1

II.     ABBREVIATED BACKGROUND.................................................................................2

III.    LEGAL STANDARD ....................................................................................................3

IV.     ARGUMENT .................................................................................................................4

      A.      Dr. Barone Is Not Qualified as an Expert on Genericness, and His Survey, Report, and Any Testimony Relating Thereto Should Be Excluded. ...................................................4

      B.      Alternatively, Dr. Barone's Survey and Testimony Should be Excluded as Irrelevant. ...6

V.      CONCLUSION ..............................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ............................................................. 1, 4

*Elliott v. Google, Inc.*, 860 F.3d 1151 (9th Cir. 2017) ......................................................................... 6

*Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053 (9th Cir. 2002) ..................................... 4

*Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-cv-949-MLB, 2021 U.S. Dist.
    LEXIS 101946 (N.D. Ga. May 28, 2021)........................................................................................ 6

*Intel Corp. v. Advanced Micro Devices, Inc.*, 756 F. Supp. 1292 (N.D. Cal. 1991) ............................... 9

*Kudos Inc. v. Kudoboard LLC*, No. 20-cv-01876-SI, 2021 U.S. Dist. LEXIS 224311 (N.D. Cal. Nov.
    20, 2021), ............................................................................................................................. 4, 8, 10

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1998)............................................................................. 4

*Kwan Software Eng'g, Inc. v. Foray Techs., Ltd. Liab. Co.,* No. C 12-03762 SI, 2014 U.S. Dist. LEXIS
    17376 (N.D. Cal. Feb. 11, 2014) ................................................................................................... 9

*Lust By & Through Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594 (9th Cir. 1996).............................. 4

*Miller v. Travel Guard Grp., Inc.*, No. 21-cv-09751-TLT, 2023 U.S. Dist. LEXIS 195418 (N.D. Cal.
    Sep. 14, 2023) ............................................................................................................................ 10

*Radiance Found., Inc. v. NAACP*, 27 F. Supp. 3d 671 (E.D. Va. 2013)............................................. 6, 7

*Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866 (C.D. Cal. 2013) ................................................... 9

*Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426 (9th Cir. 1991) ...................................................... 5

*San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2017 U.S. Dist.
    LEXIS 147574 (S.D. Cal. Sep. 12, 2017)........................................................................................ 7

*Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112 (2d Cir. 1984)........................................... 8

*Warner Bros. Entm't v. Glob. Asylum, Inc.*, No. CV 12 - 9547 PSG (CWx), 2013 U.S. Dist. LEXIS
    193925 (C.D. Cal. Jan. 29, 2013) ................................................................................................... 5

**Rules**

Fed. R. Evid. 104 ..................................................................................................................................... 4

Fed. R. Evid. 702 ........................................................................................................................... 3

**Treatises**

*Reference Manual on Scientific Evidence*, FEDERAL JUDICIAL CENTER (3rd Ed. 2011) ........................ 7

HDMI LA'S MOTION TO EXCLUDE DR. BARONE

1

## I.    INTRODUCTION

2      This Court should exercise its gatekeeping function to exclude the opinions, report, survey, and

3  testimony of Dr. Michael Barone concerning trademark genericness as unreliable and irrelevant under

4  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court of the

5  United States recognized the crucial role of trial courts in excluding unreliable or irrelevant expert

6  testimony, given that experts, unlike lay witnesses, are "permitted a wide latitude to offer opinions,

7  including those that are not based on firsthand knowledge or observation." *Id.* at 592. In light of the

8  potential impact of expert testimony, it is essential that experts are qualified to opine on the particular

9  issues at hand. There is no question that Dr. Barone lacks those necessary qualifications.

10      The foundation of Dr. Barone's report is a survey relating solely to the alleged genericness of the

11  "HDMI" trademark, which Availink commissioned in support of Count Two of its Amended

12  Counterclaims.[1] However, Dr. Barone admittedly and unequivocally is *not* an expert on trademark

13  genericness—the sole subject he was tasked with surveying. He has never before conducted a

14  genericness survey. Further, prior to conducting his survey, Dr. Barone did not conduct sufficient

15  background research on the parties, their businesses, and their products, but instead, primarily relied only

16  on portions of the pleadings, while disregarding or overlooking other pertinent portions or independent

17  sources of information. Accordingly, Dr. Barone lacks the requisite expertise on the particular issue at

18  hand, and his survey, his report and opinions relating thereto lack the reliability that *Daubert* requires.

19      Moreover, Dr. Barone's survey is irrelevant because the universe of consumers surveyed was

20  incorrect or fatally underinclusive. Specifically, Dr. Barone's survey failed to survey the only purchasers

21  of Availink's products: original equipment manufacturers that install Availink's semiconductor chips on

22  circuit boards in finished products. Accordingly, the Court should exclude Dr. Barone's survey, his

23  report, and any related testimony based on relevance as well.

24

25

26

27  _____

[1] Should the Court grant HDMI LA's Motion for Summary Judgment against Count Two of Availink's

28  Counterclaims, Dr. Barone's survey, report, and related testimony should be excluded in its entirety as irrelevant to any claims remaining in this action.

## II.     ABBREVIATED BACKGROUND[2]

### A.  Overview of HDMI LA's Claims and Availink's Counterclaims

On November 7, 2022, HDMI LA, the owner of certain trademarks and licensing agent for the well-known, proprietary High-Definition Multimedia Interface Specification (the "HDMI Specification"), filed the instant action against Availink, a manufacturer of system-on-chip integrated circuits ("SoC(s)"). Availink makes and sells its SoCs only to original equipment manufacturers ("OEM(s)") outside the United States, which make finished products sold to end users, such as cable boxes and digital television sets. HDMI LA's original complaint asserted claims for breach of contract arising from Availink's breach of the High-Definition Multimedia Interface Specification Adopter Agreement, as well as infringement of one or more of HDMI LA's registered trademarks. Subsequently, the Court dismissed HDMI LA's trademark claims, leaving only HDMI LA's claim for breach of contract. *See Dkt. Nos. 30, 65.*

On or about September 1, 2023, Availink filed an Answer and Counterclaims (*Dkt. No. 49*), which HDMI LA moved to dismiss (*Dkt. No. 72*). After HDMI LA's motion to dismiss was granted in part, Availink filed an Amended Answer with Amended Counterclaims (the "Counterclaim(s)") (*Dkt. No. 118*). In Count Two of its Counterclaims, Availink seeks to cancel more than 20 of HDMI LA's United States trademark registrations on the basis that the marks are purportedly generic.

### B.  HDMI LA's Pending Motion for Summary Judgment

On July 18, 2025, HDMI LA filed a Motion for Summary Judgment (*Dkt. No. 160*) ("MSJ") *inter alia* to dismiss Count Two of the Counterclaims. In the MSJ, HDMI LA asserts that this Court lacks subject matter jurisdiction under both Article III and 17 U.S.C. § 1064 to adjudicate Count Two, and that Availink lacks standing to seek to cancel HDMI LA's federally registered United States trademarks because Availink does not manufacture or sell any products using the HDMI Specification in the United States, and claims it does not use or have any need to use HDMI LA's trademarks. Therefore, HDMI LA submits that Count Two of the Counterclaims should be dismissed as a matter of law.

---

[2] For a more robust overview of the parties' businesses and products, HDMI LA refers the Court to Section I of its Memorandum of Points and Authorities in support of its Motion for Summary Judgment (*Dkt. No. 160*).

HDMI LA'S MOTION TO EXCLUDE DR. BARONE

### C.  Summary of Dr. Barone's Survey and Report

On or about May 2, 2025, Availink served the Expert Report of Dr. Michael Barone (the "Barone Report"), wherein Dr. Barone describes and offers opinions regarding a survey he conducted (the "Barone Survey"). In the Barone Report, Dr. Barone asserts that the Barone Survey follows "a 'Teflon Survey' format that is generally accepted as a valid and reliable method for testing genericness" and was intended "to test whether relevant consumers understand the HDMI term to be a brand name or a common name." Declaration of Kerry B. Brownlee ("Brownlee Decl."), submitted herewith, Ex. A, Expert Report of Dr. Michael Barone ("Barone Report"), ¶ 4. The Barone Survey is the first Teflon survey that Dr. Barone has ever conducted. Brownlee Decl., Ex. B, Transcript of Deposition of Dr. Michael Barone, June 5, 2025 ("Barone Tr.") 51: 9-14; 89:2-7. In the Barone Report, Dr. Barone cited a treatise for the proposition that "[t]he appropriate universe in assessing genericness is the relevant consuming public, specifically, 'buyers and potential buyers of the goods and services for which the challenged mark is used.'" Barone Report, ¶ 15. Based on that proposition, and information purportedly taken from HDMI LA's Complaint, Dr. Barone believed that "the relevant universe in testing genericness of the **HDMI** name is comprised of adult consumers who are recent past or future purchasers of the products upon which the **HDMI** name appears, namely, **HDMI** cables and/or consumer electronics products with **HDMI** ports." Barone Report, ¶ 15. Dr. Barone chose this universe even though Availink does not manufacture or sell "**HDMI** cables and/or consumer electronics products with **HDMI** ports," and does not sell products to the types of consumers that Dr. Barone surveyed.

### III.  LEGAL STANDARD

Under Fed. R. Evid. 702, the testimony of an expert—qualified "by knowledge, skill, experience, training, or education"—is admissible under the following circumstances:

> If the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Fed. R. Evid. 104, the Court is empowered with deciding "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible"; and in making any such determination, "the [C]ourt is not bound by evidence rules, except those on privilege." *Id.*

"The district courts are tasked with acting as 'gatekeepers' to prevent the admission of unreliable, irrelevant, or unhelpful expert testimony." *Kudos Inc. v. Kudoboard LLC*, No. 20-cv-01876-SI, 2021 U.S. Dist. LEXIS 224311, *26 (N.D. Cal. Nov. 20, 2021), citing *Daubert,* 509 U.S. at 589; *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended by 319 F.3d 1073 (9th Cir. 2003). As gatekeepers, district courts are responsible for ensuring both the reliability and relevance of any expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1998). "It is the proponent of the expert who has the burden of proving admissibility." *Lust By & Through Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 598 (9th Cir. 1996).

## IV.    ARGUMENT

### A. Dr. Barone Is Not Qualified as an Expert on Genericness, and His Survey, Report, and Any Testimony Relating Thereto Should Be Excluded.

"As a threshold matter, the district court must determine whether the individual whose testimony is being proffered is an expert on the relevant topic." *Warner Bros. Entm't v. Glob. Asylum, Inc.*, No. CV 12 - 9547 PSG (CWx), 2013 U.S. Dist. LEXIS 193925, *18-19 (C.D. Cal. Jan. 29, 2013). A witness is qualified to testify as an expert when he or she has "sufficient specialized knowledge to assist the jurors 'in deciding *the particular issues* in the case.'" *Kumho Tire Co.*, 526 U.S. at 156 (internal citation omitted) (emphasis added). "A person qualified to give an opinion on one subject is not necessarily qualified to opine on others." *Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991).

A review of Dr. Barone's curriculum vitae establishes that he has no experience and expertise relating to the particular core issue that he was employed by Availink to test and opine on: trademark

genericness, and surveys relating thereto. *see* Barone Report, Ex. A, ¶ 4 (noting that Dr. Barone was retained by Availink "to test whether relevant consumers understand the HDMI term to be a brand name or common name"). In fact, during the course of Dr. Barone's deposition, he admitted that: (1) he had never before conducted a "Teflon" survey (Barone Tr. 51: 9-14; 89:2-7); (2) prior to this case, Dr. Barone had never performed any survey relating to trademark genericness (*id.*); (3) Dr. Barone designed the Barone Survey largely relying on a single chapter of a treatise (*id.* at 92:15-20; 93:16-101:12), and did not look to Teflon surveys conducted by others for guidance (*id.* at 99:17-21)—other than a single survey that Dr. Barone previously critiqued and attempted to rebut (*id.* at 104:10-15); (4) Dr. Barone does not claim to be an expert on trademark law (*id.* at 84:5-9); and (5) Dr. Barone did not conduct any independent research into HDMI LA's or Availink's businesses prior to formulating the Barone Survey (*id.* at 31:12-16; 78:16-25).

Given this, Dr. Barone, by his own admissions, does not have sufficient specialized knowledge or experience with the issue of genericness, or Teflon surveys testing the same, to reliably conduct a genericness survey or give any testimony or opinions based on Teflon survey results. On that basis, the Barone Survey, Barone Report, and any testimony relating thereto, should be excluded. *See, e.g., Radiance Found., Inc. v. NAACP*, 27 F. Supp. 3d 671, 675 (E.D. Va. 2013) (granting motion to exclude report and testimony to the extent that the proffered expert opined upon issues related to trademark dilution and likelihood of consumer confusion, finding that her "general expertise in the area of surveys and marketing" was "not sufficiently specialized to assist in deciding the particular issues of the case [dilution and likelihood of confusion]"); and *Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 1:16-cv-949-MLB, 2021 U.S. Dist. LEXIS 101946 (N.D. Ga. May 28, 2021) (finding expert unqualified to testify on issues of genericness and consumer confusion when the confusion survey at issue was the first one of the type conducted by her, she did not conduct any research regarding the products at issue or the industry generally, she did not claim to be an expert in trademark related genericness or consumer confusion related surveys, and the only outside materials consulted were two websites); *see also Elliott v. Google, Inc.*, 860 F.3d 1151 (9th Cir. 2017) (affirming exclusion of surveys when expert was not qualified).

Even assuming, *arguendo*, that Dr. Barone were qualified to either conduct or analyze the results of a Teflon survey, the Barone Survey, Barone Report, and any related testimony are unreliable because they are not based on sufficient facts or data, as required by Fed. R. Evid. 702(b). Dr. Barone admitted that he did not do any independent research into HDMI LA, its business, or its licensees (Barone Tr. 78: 16-80:6). Dr. Barone further testified that he did not conduct any independent research into Availink's business (*id.* at 31:12-16), and was not even aware what products Availink sells (*id.* at 32:14-15). Additionally, Dr. Barone selected the brand names used in the Barone Survey based solely on information in the Complaint and "some searches online" (*id.* at 148:4-14), and similarly, chose the Barone Survey population based only on certain allegations in the Complaint (*id.* at 153:20-154:22). Dr. Barone also admitted that he did not even know if OEMs (i.e., Availink's consumers) are typical licensees of HDMI LA, although he indicated that could be a possibility (*id.* at 173:18-22). Given the foregoing, the Barone Report and any testimony relating thereto, and the Barone Survey on which they are based, are not founded upon sufficient facts or data, and as such, are unreliable and inadmissible. *See, e.g., San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865 AJB (JMA), 2017 U.S. Dist. LEXIS 147574 (S.D. Cal. Sep. 12, 2017) (granting motion to exclude on the basis that opinion was insufficiently reliable since it was based on insufficient facts or data when largely founded upon documents provided by the defendants' counsel, rather than own independent research); *Radiance Found., Inc.*, 27 F. Supp. 3d at 675 (finding "[t]he fact that Dr. Tuten was unfamiliar with Defendant's organization, types of trademark litigation consumer surveys and trademark law at the time of her report and deposition provide[d] the Court with sufficient evidence to determine that her conclusions regarding Defendant's survey evidence [were] not based on reliable principles and methods or sufficient facts and data.").

Thus, Dr. Barone's lack of experience and qualifications, and the insufficient factual bases on which he relied, are fatal and warrant exclusion of the Barone Survey, Barone Report, and any related testimony.

**B.    Alternatively, Dr. Barone's Survey and Testimony Should be Excluded as Irrelevant.**

Putting the issue of Dr. Barone's qualifications and reliability aside, the Barone Survey is irrelevant. "A survey that provides information about a wholly-irrelevant population is, itself, irrelevant. Courts are likely to exclude the survey or accord it little weight" *Reference Manual on Scientific Evidence*, FEDERAL JUDICIAL CENTER, 377-78 (3rd Ed. 2011). "To be 'probative and meaningful,' surveys 'must rely upon responses by potential consumers of the products in question.' . . . Accordingly, the utilization of an improper universe can render a survey inadmissible." *Kudos Inc.*, No. 20-cv-01876-SI, 2021 U.S. Dist. LEXIS 224311, *26, citing *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112, 118 (2d Cir. 1984) (excluding a survey on consumer confusion when the survey "was conducted among individuals who had already purchased or leased Donkey Kong machines rather than those who were contemplating a purchase or lease.").

As demonstrated in HDMI LA's MSJ (pending at *Dkt. No. 160*), Count Two of Availink's Counterclaims—the sole remaining claim in this action relating to HDMI LA's trademarks—should be dismissed in its entirety. Should the Court grant HDMI LA's MSJ, the Barone Survey, Barone Report and testimony relating thereto, should be excluded as wholly irrelevant to any issues remaining in this case.

Alternatively, if the Court grants the MSJ in part, the Barone Survey, Barone Report and testimony relating thereto, should still be excluded on the basis of irrelevance. As explained in the MSJ, HDMI LA's trademarks challenged by Availink cover a broad spectrum of goods and services. However, Availink only sells SoCs, and only to a limited universe of buyers, OEMs, that incorporate Availink's chips into other products, such as cables, satellite set-top boxes and digital television sets. If Availink could have standing to assert any claim for genericness at all, at most it would only be as to the products that Availink itself sells—SoCs—and only as to the OEM customers to which it sells them. Accordingly, the appropriate survey universe for testing consumer perception relating to the only goods properly at issue in this case would be OEMs, which purchase SoCs. *See, e.g.*, *Intel Corp. v. Advanced Micro Devices, Inc.*, 756 F. Supp. 1292, 1296 (N.D. Cal. 1991) (holding that the relevant universe for a genericness survey relating to microprocessors is OEMs and not end users of the final product because "OEMs are virtually the only purchasers of microprocessors"). The products and universe tested in the Barone Survey did not include SoCs or OEMs. As such, *none* of the relevant products and consumers

-7-

were tested by Dr. Barone in the Barone Survey. Accordingly, Dr. Barone tested wholly incorrect products and an entirely irrelevant universe (i.e., "**HDMI** cables and/or products containing **HDMI** ports" and recent past or future purchasers thereof). Therefore, the Barone Survey, Barone Report, and testimony relating thereto should likewise be excluded on the basis of irrelevance. *See Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 878 (C.D. Cal. 2013) (granting motion to exclude survey when the expert "did not identify any basis, save for his own undocumented research, for selecting the survey population that he used" and there was "no indication that the survey population had any relationship to the relevant population of . . . consumers."); *Kwan Software Eng'g, Inc. v. Foray Techs., Ltd. Liab. Co.*, No. C 12-03762 SI, 2014 U.S. Dist. LEXIS 17376 (N.D. Cal. Feb. 11, 2014) (excluding survey offered in support of false advertising claim on the basis that it did not encompass people that would even see the alleged misrepresentations).

Even if the Court denies Plaintiff's MSJ, and finds that Availink has standing to assert a claim for genericness as to products other than SoCs, the Barone Survey should still be excluded as irrelevant. The survey universe tested by Dr. Barone is exceedingly underinclusive since it excludes an entire class of critical consumers (i.e., OEMs) of both Availink's SoCs and products licensed to be produced under HDMI LA's High-Definition Multimedia Interface Specification Adopter Agreement. Indeed, the flaws in the survey universe of the Barone Survey are so fundamental that they go to admissibility of the Barone Survey, Barone Report, and any related testimony, rather than merely the weight. *See, e.g., Kudos Inc*, Case No. 20-cv-01876-SI, 2021 U.S. Dist. LEXIS 224311, *26 (granting motion to exclude survey and report when "the survey universe was 'under-inclusive in that it excluded otherwise qualified consumers, arguably some of the most likely consumers to have knowledge of the products at issue.'") (internal citation omitted); *contra, Miller v. Travel Guard Grp., Inc.*, No. 21-cv-09751-TLT, 2023 U.S. Dist. LEXIS 195418, at *16 (N.D. Cal. Sep. 14, 2023) (denying motion to exclude, where the "methodological flaws go to the survey's weight, rather than its admissibility," and that although the survey pool was "imprecise," it was "not so flawed as to be excluded"). Consequently, the Barone Survey, Barone Report, and any related testimony, should be excluded.

## V.    CONCLUSION

WHEREFORE, the Court should preclude Availink from introducing the Barone Survey and Barone Report in connection with any summary judgment motion or at trial, and should preclude Dr. Barone from testifying at trial or presenting any evidence on the issue of the alleged genericness of HDMI LA's trademarks and/or the Barone Survey.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: */s/ Kerry B. Brownlee*
Kerry B. Brownlee (*Pro Hac Vice*)
kbrownlee@ipcounselors.com
Jason M. Drangel (*Pro Hac Vice*)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, New York 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

BY: */s/ Peter J. Farnese*
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 356-4668
Facsimile: (310) 388-1232
*Attorneys for HDMI Licensing Administrator, Inc*

**CONSTANTINE CANNON LLP**

BY: */s/ Seth D. Greenstein*
Seth D. Greenstein (*Pro Hac Vice*)
sgreenstein@constantinecannon.com
Patrick Kennedy (*Pro Hac Vice*)
1001 Pennsylvania Ave., NW 1300N
Washington, D.C. 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501

BY: */s/ Ankur Kapoor*
Ankur Kapoor (*Pro Hac Vice*)

akapoor@constantinecannon.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Attorneys for HDMI Licensing
Administrator, Inc.*

HDMI LA'S MOTION TO EXCLUDE DR. BARONE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify the on August 15, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: August 15, 2025            By:    */s/ Kerry B. Brownlee*
                                          Kerry B. Brownlee (*Pro Hac Vice*)
                                          Epstein Drangel LLP
                                          *Attorneys for Plaintiff*
                                          *HDMI Licensing Administrator, Inc.*

HDMI LA'S MOTION TO EXCLUDE DR. BARONE