**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., | ) ) Case Number: 22-cv-06947-EKL ) ) **STIPULATION AND [PROPOSED] FINAL** ) **JUDGMENT** |
| *Plaintiff*, | ) |
| vs. | ) (Assigned to the Honorable Eumi K. Lee) ) |
| AVAILINK, INC. | ) |
| *Defendant*. | ) ) |

HDMI Licensing Administrator, Inc. ("HDMI LA") and Availink, Inc. ("Availink") (collectively, the "Parties") stipulate and agree as follows:

1.  On November 7, 2022, HDMI LA filed a Complaint in this case against Availink, alleging claims for (a) breach of the High Definition Multimedia Interface Specification Adopter Agreement executed by the Parties (the "Adopter Agreement"), (b) direct trademark infringement, (c) contributory trademark infringement, and (d) false designation of origin, passing off, and unfair competition. (ECF 1.)

2.  On October 21, 2023, the Court granted Availink's motion to dismiss the claims for direct trademark infringement, contributory trademark infringement, and false designation of origin, passing off, and unfair competition, but not the breach of contract claim. (ECF 65.)

3.  On September 1, 2023, Availink filed an Answer and Counterclaims, alleging counterclaims against HDMI LA for (a) violation of the Sherman Act, 15 U.S.C. § 1; (b) cancellation

of trademark registrations, 15 U.S.C. §§ 1119 and 1064; (c) violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; (d) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (e) violation of the New York Donnelly Act, N.Y. Gen. Bus. L. § 340; (f) violation of N.Y. Gen. Bus. L. § 349; and (f) declaratory relief, 28 U.S.C. § 2201. (ECF No. 49.) HDMI LA moved to dismiss the Counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 72). On May 7, 2024, the Court granted HDMI LA's motion to dismiss as to N.Y. Gen. Bus. L. § 349 and denied the motion as to the remaining Counterclaims. (ECF No. 105). On July 19, 2024, Availink filed an Amended Answer and Counterclaims. (ECF No. 118).

4.   On December 31, 2025, the Court ruled on HDMI LA's motion for summary judgment and Availink's cross-motion for summary adjudication.  (ECF 218, the "Order on Cross-Motions for Summary Judgment.")  In that order, the Court ruled that HDMI LA was entitled to judgment as a matter of law on its claim for Availink's breach of the Adopter Agreement. Triable issues remained as to the amount of damages and the scope and applicability of permanent injunctive relief. The Court dismissed as moot Availink's counterclaim for declaratory judgment of non-infringement of HDMI LA's trademarks.  The Court further granted summary judgment against Availink's remaining counterclaims, finding that (a) the Court lacked subject matter jurisdiction over, and Availink lacked standing to assert, the trademark cancellation counterclaim; (b) HDMI LA was entitled to judgment as a matter of law on the federal antitrust counterclaim and state unfair competition claims because they were precluded by the Foreign Trade Antitrust Improvements Act, and Availink did not show harm to competition and/or antitrust injury; and (c) the declaratory relief claim based on patent misuse was not supported by evidence of anticompetitive effects.  The Court also denied Availink's cross-motion for summary adjudication on its obligation to pay royalties under the Adopter Agreement.

5.   On January 20, 2026, the Court denied Availink's motion for leave to file a motion for reconsideration, finding that Availink's arguments did not "support its motion for leave, and none would support reconsideration" of the Court's summary judgment order.  The Court further found that Availink had abandoned the affirmative defenses to liability that it did not raise at summary judgment. (ECF 228, the "Order Denying Motion for Leave.")

6. After the Court's rulings, the only remaining issues to be tried were the amount of damages incurred by HDMI LA due to Availink's breach of the Adopter Agreement and the propriety and scope of permanent injunctive relief.  The matter was set for trial on these issues beginning on February 23, 2026.

7. Each of the Parties filed three motions in limine regarding the evidence to be permitted at trial.  (ECF 230, 231, 232, 234, 235, 237, and 238.)  On February 9, 2026, the Court issued an order on the motions in limine.  (ECF 268, the "Order Regarding Motions in Limine.")

8. The Parties engaged in Settlement Conferences before Magistrate Judge Virginia DeMarchi and agreed to enter a stipulated judgment.

9. This Stipulation and [Proposed] Final Judgment (the "Stipulated Judgment") is intended to preserve the Parties' respective rights to appeal from the Stipulated Judgment, as entered, and all orders that merge into the Stipulated Judgment, as entered, including but not limited to the orders described above.

10. The Stipulated Judgment is based solely on HDMI LA's claim for breach of contract.

11. As used in the Stipulated Judgment, "Affiliates" means an entity that now or hereafter directly or indirectly controls, is controlled by, or is under common control with a Party. "Control" means beneficial ownership of more than fifty percent (50%) of the voting stock or equity in an entity. Such entity shall be considered an "Affiliate" only so long as such "control" exists.

12. As used in the Stipulated Judgment, the "HDMI Specification" means any version of the document entitled High-Definition Multimedia Interface Specification, authored by the Founders of HDMI LA or the HDMI Forum.

13. The relief provided in the Stipulated Judgment is based on the Court's orders described above, as well as all other orders that merge into the Stipulated Judgment. The injunctive relief set forth in the Stipulated Judgment is dependent on these same Orders.

14. The original Adopter Agreement at issue in this litigation was terminated on December 14, 2018.  The Parties separately have agreed to enter into a new Adopter Agreement concurrent with the filing of this Stipulation and [Proposed] Final Judgment.

NOW THEREFORE, the Parties, by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate and agree to entry of the following Stipulated Judgment:

(1) Judgment is hereby entered in favor of HDMI LA and against Availink on Count I of the Complaint in the amount of fourteen million U.S. Dollars (USD $14,000,000) for damages and interest owed by Availink through December 31, 2025.

(2) A permanent injunction is hereby entered enjoining Availink, the persons subject to Federal Rule of Civil Procedure 65, and Availink's Affiliates from using the HDMI Specification to make (including design and develop), have made (including have designed and have developed), use, import, and directly and indirectly offer to sell, lease, promote and otherwise distribute products incorporating all or part of the HDMI Specification without a valid and current Adopter Agreement in force that licenses those rights to Availink and its Affiliates. For purposes of this permanent injunction only, and for no other purpose, the Parties hereby stipulate, and on the basis of that stipulation, the Court finds, that:

a. Under the Court's Order on Cross-Motions for Summary Judgment and Summary Adjudication, Availink's unlicensed use of the confidential HDMI Specification breaches the Confidentiality provisions of the original Adopter Agreement Section 8, which survive the December 14, 2018 termination of the original Adopter Agreement pursuant to Section 9.11 thereof;

b. Continuing unlicensed use of the confidential HDMI Specification, absent a new valid and current Adopter Agreement between the Parties, would irreparably injure HDMI LA, and the ongoing injury to HDMI LA and the benefit of such unlicensed use to Availink cannot be compensated by monetary damages alone;

c. The balance of hardships favors entry of an injunction, and the public interest would be served by entry of this permanent injunction.

(3) Entry of the Stipulated Judgment as a Final Judgment commences the 30-day period for filing a notice of appeal pursuant to Federal Rules of Appellate Procedure 3 and 4 to the U.S. Court of Appeals for the Ninth Circuit.

(4) Each party shall bear its own costs and fees.

(5) Each party retains the right to appeal to the U.S. Court of Appeals for the Ninth Circuit this Final Judgment, any appealable orders entered by the Court, and any orders that merge into this Final Judgment. For the removal of doubt, the orders that merge into this Final Judgment include, but are not necessarily limited to:

    a.  the Court's Order on Summary Judgment, ECF No. 218;

    b.  the Court's Order on Availink's Motion for Leave to File a Motion for Reconsideration, ECF No. 228; and

    c.  the Court's Order regarding Motions in Limine, ECF No. 268.

(6) The Court retains jurisdiction over this case with respect to the enforcement of this Final Judgment.

IT IS SO ORDERED.

Date:_____March 26_____, 2026

_____
Honorable Judge Eumi K. Lee
United States District Judge

Dated: March 19, 2026

Respectfully submitted,

**CONSTANTINE CANNON LLP**

BY: */s/ Seth D. Greenstein*
Seth D. Greenstein (Pro Hac Vice)
sgreenstein@constantinecannon.com
Patrick M. Kennedy (Pro Hac Vice)
pkennedy@constantinecannon.com
1001 Pennsylvania Ave., NW, Suite 1300N
Washington, D.C. 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501

BY: */s/ Ankur Kapoor*
Ankur Kapoor (Pro Hac Vice)
akapoor@constantinecannon.com
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

**EPSTEIN DRANGEL LLP**

BY: */s/ Peter J. Farnese*
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 356-4668
Facsimile: (310) 388-1232

BY: */s/ Kerry B. Brownlee*
Kerry B. Brownlee (Pro Hac Vice)
kbrownlee@ipcounselors.com
Jason M. Drangel (Pro Hac Vice)
jdrangel@ipcounselors.com
6 East 45th Street, 7th Floor
New York, NY 10017
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

*Attorneys for Plaintiff HDMI Licensing Administrator, Inc.*

**ILLOVSKY GATES & CALIA LLP**

BY: */s/ Sean P. Gates*
Sean P. Gates (Cal. Bar No. 186247)
sean@illovskygates.com
155 North Lake Ave., Suite 800
Pasadena, CA 91101
Telephone: (626) 508-1715
Facsimile: (626) 508-1730

*Attorneys for Defendant and Counterclaimant Availink Inc.*

**POTOMAC LAW GROUP, PLLC**

BY: */s/ Janet Satterthwaite*
Janet Satterthwaite (admitted pro hac vice)
jsatterthwaite@potomaclaw.com
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Telephone: (202) 486-1578
Facsimile: (202) 318-7707

*Trademark Counsel for Defendant and Counterclaimant Availink Inc.*